UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

**REPORT AND RECOMMENDATION**

v.

6:24-CR-06158 FPG CDH

DONDE LINDSAY,

Defendant.

---

## BACKGROUND

Based on information presented to the Court by defense counsel (*see* Dkt. 227; Dkt. 228), on October 15, 2025, I entered an Order for a competency evaluation of defendant Donde Lindsay ("Lindsay") pursuant to 18 U.S.C. § 4241(a) and for a psychiatric or psychological evaluation of Lindsay pursuant to 18 U.S.C. § 4241(b). (Dkt. 229). In that Order, I found that there was reasonable cause to believe that Lindsay could be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (*Id.* at 1).

Lindsay was transported to the Federal Detention Center in Englewood, Colorado, where from November 20, 2025, to January 5, 2025, he underwent a psychiatric evaluation. (Dkt. 232). Dr. Courtney Mills, Psy.D., prepared a detailed report setting forth the results of the evaluation, and concluding that Lindsay "is able

- 1 -

to understand the nature and consequences of the proceedings against him and to assist properly in his defense" and "has no mental disease or defect that would adversely affect his competency to proceed[.]" (*Id*. at 6-7).

I held a competency hearing on February 24, 2026. (Dkt. 231). At that time, the government submitted into evidence Dr. Mills' report. I offered Lindsay the opportunity to "testify, to present evidence, to subpoena witnesses . . . and to confront and cross-examine witnesses" pursuant to 18 U.S.C. § 4247(d). Lindsay declined to do so and indicated that he was not contesting the conclusions reached by Dr. Mills.

## DISCUSSION

### I.   Scope of Magistrate Judge Authority

"It is unclear whether a magistrate judge has the authority to rule on a litigant's competency." *United States v. Mibbs*, No. 21-CR-6131-EAW-MJP-2, 2024 WL 4350435, at *1 (W.D.N.Y. Aug. 27, 2024) (citation and alteration omitted), *adopted*, 2024 WL 4347340 (W.D.N.Y. Sept. 30, 2024); *see also United States v. Foltz*, No. 16-MJ-511, 2018 WL 2175554, at *3 n.1 (W.D.N.Y. May 9, 2018) (observing that "the authority of a magistrate judge to issue competency decisions with or without a referral order has not been addressed by the Second Circuit" and noting conflicting authority), *adopted*, 2018 WL 2192198 (W.D.N.Y. May 11, 2018). "In light of the lack of guidance from the Second Circuit and in an abundance of caution, this Court's findings are set forth in a Report and Recommendation and not a Decision and Order." *Id.*; *see also Mibbs*, 2024 WL 4350435, at *1 ("the common practice of magistrate judges outside of this District and within it is to issue a report and recommendation

where competency is concerned") (internal citation omitted).

## II.   Competency Determination

Federal courts apply "a two-prong test for determining competency to stand trial. The defendant must have (1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "A mental impairment, without more, does not render a defendant incompetent to stand trial." *United States v. Pfeiffer*, No. 16-CR-23-RJA-MJR, 2018 WL 8544778, at *2 (W.D.N.Y. Dec. 18, 2018), *adopted*, 2019 WL 2435487 (W.D.N.Y. June 11, 2019). "In determining competency, the court may consider medical opinion as well as its own observation of the defendant's conduct." *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998).

Based on Dr. Mills' thorough and detailed report, which Lindsay does not challenge, I recommend that Lindsay be found competent to stand trial. Dr. Mills performed a thorough examination of Lindsay and concluded that he was not presently suffering from a mental disease or defect. (Dkt. 232 at 5). She further assessed his ability to understand the nature and consequences of the criminal court charges and to assist counsel in a defense, and concluded that he "presented with an understanding of the evidence and potential consequences of the proceedings against him and was able to discuss potential outcomes of his case based on the evidence against him in a logical manner." (*Id.* at 5-6). Dr. Mills' conclusions are supported by

- 3 -

her examination and are not inconsistent with my own observations of Lindsay. I accordingly conclude that the preponderance of the evidence demonstrates that Lindsay is not "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d).

## CONCLUSION

For the foregoing reasons, it is recommended that Lindsay be found competent to stand trial.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Federal Rules of Criminal Procedure 45 and 59(b), and Local Rule of Criminal Procedure 59.

**Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation waives the right to appeal the District Court's Order.** *See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to

the Magistrate Judge in the first instance.

Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection**.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
March 10, 2026