UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 24-CR-6158

v.

DECISION AND ORDER

DONDE LINDSAY,

Defendant.

By Text Order dated October 31, 2024, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 202. By Text Order dated January 8, 2025, the case was reassigned to United States Magistrate Judge Colleen D. Holland. ECF No. 208. Defendant Donde Lindsay is charged in the Indictment with one count of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 200. Defendant moved to suppress statements, physical evidence, and for a *Franks* hearing.[1] ECF No. 235. On June 17, 2026, Judge Holland issued a Report & Recommendation ("R&R") recommending that the District Court deny Defendant's motions. ECF No. 239. No objections to the R&R were timely filed. For the reasons that follow, the Court agrees with Judge Holland's recommendation and adopts the R&R in its entirety.

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed, the Court is not required to conduct a *de novo* review of an R&R. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Rather, the Court reviews an R&R only for clear error.

---

[1] Judge Holland, in her discretion, allowed for Defendant to file *pro se* motions to supplement his counsel's motions.

1

*See Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at \*1 (S.D.N.Y. July 31, 1995). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted).

Judge Holland notified the parties about the deadline to file objections and the consequences for failing to do so.  ECF No. 239 at 20-21.  Neither counsel filed an objection within the specified time, nor did either counsel request an extension of time.[2] Review for clear error is therefore appropriate. Having considered the record, and after reviewing the R&R for clear error, the Court agrees with Judge Holland's recommendation and adopts the R&R in its entirety. As such, Defendant's motions to suppress statements, to suppress physical evidence, and for a *Franks* hearing are DENIED.

IT IS SO ORDERED.

Dated: July 22, 2026
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[2] Although Defendant Donde Lindsay requested an extension of time to file *pro se* motions, ECF No. 241, the Court denied his request to represent himself *pro se* in a limited capacity, as he is represented by counsel, ECF No. 242.